# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN REED, | : |
|     Plaintiff, | : |
| v. | :    Civil Action No. 16-120 |
| NANCY A. BERRYHILL, | : |
| Acting Commissioner of Social Security,[1] | : |
|     Defendant. | : |

## ORDER

Plaintiff John Reed filed this action pursuant to 42 U.S.C. § 405(g), requesting judicial review of the final decision of the Acting Commissioner of the Social Security Administrator, denying his claim for Supplemental Security Income ("SSI"). The Court referred the case to United States Magistrate Judge Lynne A. Sitarski, who has issued a Report and Recommendation ("R&R") that the Commissioner's decision be affirmed. Plaintiff has filed objections to the R&R, to which the Commissioner has responded. For the reasons discussed below, the objections will be overruled and the R&R approved and adopted.

Denying Plaintiff's claim for SSI, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from disorders of the spine, chronic heart failure, chronic kidney disease, diabetes mellitus, and obesity, as well as an affective disorder,[2] but that he retained the residual functional capacity ("RFC") to perform sedentary work, with certain limitations, and could perform his past work as a substance abuse counselor.[3] The ALJ concluded that Plaintiff's

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

[2] Administrative Record ("R.") 18-20.

[3] R. 28.

testimony that he was completely incapable of working was not credible in light of his medical history as a whole.[4]

Plaintiff sought review of the ALJ's conclusions and he contended that the ALJ failed to consider or discuss particular treating opinions and assessments. The R&R determined that the ALJ's conclusions were supported by substantial evidence. Plaintiff now objects to the R&R on two grounds: 1) that the ALJ should have discussed and weighed Plaintiff's treating physician's New York Heart Association ("NYHA") assessments as medical opinions,[5] and 2) that Plaintiff's past work as a counselor should have been evaluated as a composite job. This Court must conduct a *de novo* review of those sections of the R&R to which objections have been filed, and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge.[6]

### 1. **Plaintiff's NYHA Diagnoses**

Plaintiff contends that the ALJ failed to discuss and weigh his diagnoses and symptoms under the NYHA regarding his heart condition, which were briefly stated in treatment notes by three treating cardiologists—Drs. Rodriguez, Kessel, and Reynolds.[7] The categorical NYHA classes Plaintiff specifically references from the cardiologists' treatment notes define Plaintiff as

---

[4] R. 27.

[5] The NYHA is the most commonly used classification system to determine patients' heart failure according to the severity of their symptoms. *Classes of Heart Failure*, AM. HEART ASS'N, http://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited Oct. 5, 2018). The NYHA places patients in one of four categories based on how much they are limited during physical activity. *Id.*

[6] 28 U.S.C. § 636(b)(1)(C).

[7] Doc. No. 18 ("Objections") at 1. More specifically, Plaintiff refers to (1) Dr. Rodriguez' May 23, 2014 note that Plaintiff was "having NYHA IV symptoms" (R. 474); (2) a May 25, 2014 note from Dr. Kessel that Reed Plaintiff was having "New York Heart Association class III symptoms" (R. 276); (3) an unsigned letter dated May 30, 2014 from Dr. Rodriguez referencing NYHA III (R. 700); (4) a June 4, 2014 assessment from Dr. Reynolds that Plaintiff was exhibiting "Class III" symptoms after being admitted to Chestnut Hill Hospital on May 26, 2014 (R. 355); and (5) a December 5, 2014 letter from Dr. Rodriguez indicating that Plaintiff received treatment for "Dilated Cardiomyopathy" "NYHA III." (R. 696).

2

having marked limitations of physical activity with some discomfort.[8] The R&R determined that the ALJ implicitly mentioned these notations when the ALJ discussed the dates that corresponded with the cardiologists' treatment of Plaintiff, and that the notations are not within the statutory definition of medical opinions.[9] Plaintiff counters that these NYHA notations constitute medical opinions to which the ALJ should have accorded substantial weight.[10]

Medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of [a plaintiff's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions."[11] Generally, the decision of whether to credit statements from a medical source, which conclude an individual is "disabled" or "unable to work," is reserved for the Commissioner.[12] As such, a medical source expressing such a conclusory statement is not considered medical opinion evidence.[13]

Contrary to the R&R's treatment of Plaintiff's NYHA notations as non-medical opinions reserved for the Commissioner, the cardiologists' remarks reflect judgments about the nature and severity of Plaintiff's impairments under the NYHA's classifications for heart failure. For example, Dr. Kessel's May 25, 2014 note stating that Plaintiff was having "class III symptoms" directly provides a diagnosis and judgment about his impairments, as class III denotes a person with "[m]arked limitation of physical activity. Comfortable at rest. Less than ordinary activity

---

[8] *Classes of Heart Failure*, AM. HEART ASS'N, http://www.heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited Oct. 5, 2018).

[9] R&R at 19-20.

[10] Objections at 3; 20 C.F.R. §§ 404.1527.

[11] 20 C.F.R. §§ 404.1527(a)(1).

[12] 20 C.F.R. §§ 404.1527(d)(1); *Adorno v. Shalala*, 40 F.3d 43, 47–48 (3d Cir. 1994).

[13] *Shalala*, 40 F.3d at 47–48.

causes fatigue, palpitation, dyspnea."[14] Contrary to the R&R's conclusion, the cardiologists' notations are not statements that specifically address whether Plaintiff is "disabled" or is "unable to work," which are normally left to the Commissioner to determine. Therefore, the NYHA assessments within the treatment notes are medical opinions.[15]

As medical opinions, the assessments may be afforded "more or less weight depending upon the extent to which supporting explanations are provided."[16] The most important factors to consider when determining the persuasiveness of medical opinions include supportability and consistency in relation to the totality of the evidence.[17] There is no requirement that the ALJ discuss in the decision every "tidbit" of evidence included in the administrative record.[18] For instance, an ALJ's failure to assess the existence of a particular diagnosis is not improper if it is not supported by additional evidence in the record.[19] In addition to a conclusory medical opinion, a claimant is required to show that a particular diagnosis "significantly limit[s] his physical or mental ability to do basic work activities."[20]

As the R&R noted, the ALJ fully discussed Plaintiff's cardiac care, including his treatment with the cardiologists on dates that correspond to the aforementioned NYHA class

---

[14] *Classes of Heart Failure*, AM. HEART ASS'N, http://www heart.org/en/health-topics/heart-failure/what-is-heart-failure/classes-of-heart-failure (last visited Oct. 5, 2018).

[15] *See* R&R at 20 ("To the extent this evidence speaks to whether Plaintiff is 'disabled' or 'unable to work,' that type of evidence relates to 'issues reserved for the Commissioner,' and is not medical opinion evidence.").

[16] *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).

[17] 20 C.F.R. § 404.1520c(b)(2).

[18] *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004); *see also Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773–74 (3d Cir. 2004) ("The Commissioner need not undertake an exhaustive discussion of all the evidence.").

[19] *See Foley v. Comm'r of Soc. Sec.*, 349 F. App'x 805, 808 (3d Cir. 2009) ("A diagnosis . . . does not demonstrate disability"); *Lopez v. Astrue*, No. 08-1871, 2009 WL 2950799, at *2 n.4 (E.D. Pa. Sept. 3, 2009).

[20] *Foley*, 349 F. App'x at 808 (citing 20 C.F.R. §§ 404.1520(c), 404.1521).

symptoms.[21] Based on an extensive review of the record, the ALJ credited that "the claimant's impairments *have* resulted in *some* limitations."[22] Nonetheless, the ALJ determined that the record supports a finding that Plaintiff retained the RFC to perform a range of sedentary work.[23] In spite of the presence of these limitations from his cardiologists' notations, the R&R correctly concludes that substantial evidence supports the ALJ's decision.[24] Therefore, Plaintiff's objection is overruled.

  2. **Plaintiff's Step Four "Past Relevant Work" Determination**

During step four of the sequential evaluation process, which determines if a claimant is disabled, an ALJ must compare its RFC assessment with the physical and mental demands of the claimant's past relevant work.[25] The ultimate burden is on a plaintiff to demonstrate that he cannot return to his prior job.[26] When significant variations exist between a claimant's description of past work and the Dictionary of Occupational Titles' ("DOT") description of work, an ALJ may consider whether the job is a "composite job."[27] To qualify as a composite job, the job must contain substantial elements of two or more occupations and lack any

---

[21] R&R at 19 (citing R. 24-28).

[22] R. 27 (emphasis added).

[23] R. 27 (citing 20 C.F.R. §§ 404.1567(a).

[24] Plaintiff stated that he was completely unable to work. R. 27. However, examples that refute such statement include Plaintiff's impressive response to treatment for acute exacerbations in the past, his ability to participate in daily activities such as personal care and routine daily activities, his ability to communicate with others and to drive a car, and his lack of need for an assistive device for ambulation. R. 23, 24, 27, 57, 258, 481, 504, 821.

Moreover, Plaintiff fails to mention other NYHA notations which diagnose him as having slight to no limitations of physical activity on June 24, 2014 (R. 481), December 9, 2014 (R. 726), January 29, 2015 (R. 714-15), and February 26, 2015 (R. 839). The persuasiveness of Plaintiff's narrowly selected medical opinions, without the inclusion of these other notations, thus further diminishes.

[25] 20 C.F.R. §§ 404.1520(f), 416.920(f).

[26] *Ramirez v. Barnhart*, 372 F.3d 546, 550–51 (3d Cir. 2004).

[27] *See* SSR 82-61, 1982 WL 31387, at *2 (S.S.A. Jan. 1, 1982).

5

counterpart in the DOT.[28] In other words, a composite position must involve additional "main duties" from another DOT position, rather than "merely excessive function[s] with the job duties from one DOT position."[29]

Plaintiff objects to the R&R's conclusion that the ALJ properly determined in step four that Plaintiff's past relevant work was solely as a substance abuse counselor, and that Plaintiff did not meet his burden of demonstrating his past relevant work was a composite job.[30] Plaintiff argues that his past work included additional functions beyond the DOT description of substance abuse counselor, but he has not demonstrated his past work included significant variations with main duties included in another DOT position. Therefore, in accordance with the R&R, the ALJ did not err in finding that Plaintiff could perform the substance abuse job as generally performed in the economy.[31] This objection is overruled.

**AND NOW,** this 9th day of October 2018, upon consideration of Plaintiff's Request for Review, Defendant's Response, the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, Plaintiff's Objections to the Report and Recommendation, and Defendant's Response thereto, and after a careful, independent review of the complete administrative record, it is hereby **ORDERED** that:

1. The Clerk is **DIRECTED** to remove the case from civil suspense;
2. Plaintiff's Objections to the R&R [Doc. No. 18] are **OVERRULED**.
3. The Report and Recommendation [Doc. No. 16] is **APPROVED AND ADOPTED**.

---

[28] *Id.*

[29] *Giddings v. Berryhill*, 2018 WL 4252426, at *4 (E.D. Pa. Sept. 5, 2018).

[30] Objections at 4.

[31] *Blum v. Berryhill*, 2017 WL 2463170, at *11 (M.D. Pa. June 7, 2017).

4. Consistent with the R&R, the relief sought in Plaintiff's Request for Review [Doc. No. 11] is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

It is so **ORDERED**.

        **BY THE COURT:**

        **/s/ Cynthia M. Rufe**
        _____
        **CYNTHIA M. RUFE, J.**